UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 1:21-cr-00322-JRS-MG |
| BRAD BEVINGTON, Defendant. | ) -01 | |

**Order**

Brad Bevington pleaded guilty and was sentenced to 151 months of imprisonment and 10 years of supervised release on March 3, 2023. (ECF No. 55.) Bevington moved the Court to vacate or modify his conditions of release. (ECF No. 59.) The Court denied that motion. (ECF No. 61.) Bevington moved the court to reconsider its Order, (ECF Nos. 63, 64), and the Court denied that motion as well, (ECF No. 66.) Now before the Court is Bevington's latest motion, a "request that the court reopen his filing of 18 U.S.C. § 3583(e) to modify his conditions of release." The Court liberally construes this as another motion to modify conditions of supervised release. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" after considering several 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3583(e)(2).

The Court explained in its last Order that Bevington waived his right to challenge the length and conditions of any term of supervised release in his plea agreement,

and in any event, it was too soon to modify his conditions "many years away from completing his term of 151 months' imprisonment." (Order 1, ECF No. 66.) Thus, even if Bevington had not waived his right to challenge the conditions, it is more appropriate to consider modifying terms "at one time in the year or so before release," and the Court may use its discretion to require arguments on supervised release terms at that later time. *United States v. Williams*, 840 F.3d 865 (7th Cir. 2016) (per curiam); *see also United States v. Hogenkamp*, 979 F.3d 1167, 1168 (7th Cir. 2020) (per curiam) (suggesting 24 months before release as appropriate time for motion).

Bevington asks the Court to consider new caselaw in *United States v. Taylor*, 152 F.4th 1297 (11th Cir. 2025). This Court is in the Seventh Circuit, not the Eleventh. 28 U.S.C. § 41. It is axiomatic that decisions from other circuits are not binding, although the Court should still respectfully consider them. *330 W. Hubbard Rest. Corp. v. United States,* 203 F.3d 990, 994 (7th Cir. 2000), *amended*, (Feb. 22, 2000). The Court considers whether *Taylor* illuminates anything about Bevington's situation. It does not.

*Taylor* held "that the District Court erred in denying [Taylor's] motion to modify the terms of his supervised release without considering the [18 U.S.C.] § 3553(a) factors." 152 F.4th at 1310. The Eleventh Circuit Court of Appeals "vacate[d] the denial of Taylor's motion and remand[ed] to the District Court to evaluate the § 3553(a) factors." *Id.* at 1311. That does not change that, at least in this Circuit, the Court may treat a request to modify conditions many years in advance as premature and defer ruling until close to the end of imprisonment. Bevington's anticipated

release date is June 11, 2032. Inmate Locator, *Fed. Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited Aug. 13, 2026). The Court may consider the Section 3553(a) factors when it rules on any appropriate motion to modify Bevington's supervised release at the proper time.

Bevington also argues that he "should not have to wait until he is released from prison before he can modify his conditions of release." (Mot. 2, ECF No. 67.) He is correct that he "is entitled to know, *before* he leaves prison, what terms and conditions govern his supervised release." *Hogenkamp*, 929 F.3d at 1168 (quoting *Williams*, 840 F.3d 865). "People must be able to plan their lives." *Id.* In the first instance, Bevington does know what conditions govern his release—they are the very conditions set forth in the presentence investigation report, without objection, ordered at sentencing, without objection, and the ones that he agreed not to challenge. Still, the Court has not indicated that Bevington will have to wait until release for a ruling, and explicitly said it will decide any appropriate motion to modify "before Bevington's release from imprisonment." (Order 2, ECF No. 66.) However, "[t]o the extent that [Bevington] believes that he is entitled to a judicial decision whenever he requests, he is mistaken." *Id.* (holding that the district court is not required to rule on motion to modify "immediately," even within 14 months of anticipated end of sentence).

Finally, Bevington argues that he needs an opportunity to be heard at a meaningful time and in a meaningful manner, and ambiguities in a criminal statute should be resolved in his favor. (Mot. 2, ECF No. 67.) A hearing in the year or so

before release would allow Bevington to know whether the conditions he previously did not challenge will still govern his supervised release before he leaves prison, providing a meaningful opportunity to be heard and accounting for any changes in law between now and then rather than potentially dispensing piecemeal modifications over the years. There is nothing ambiguous in the statute's statement that the Court may modify "at *any* time prior to the expiration of termination of the term of supervised release." 18 U.S.C. § 3583(e)(2) (emphasis added). The Court previously ruled and now reaffirms that ruling that this is not the time.

**Conclusion**

For these reasons, Defendant's Motion, (ECF No. 67), is **denied**. If Bevington intends to argue that he did not waive his right to challenge his conditions of supervised release and file a new motion, he may seek to modify the terms and conditions of supervised release at a time reasonably closer to his release from imprisonment; *i.e.*, within 24 months prior to release. Any motions seeking modification prior to that time may summarily be dismissed.

**SO ORDERED.**

Date: 8/14/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Cristina Caraballo-Colon
DOJ-USAO
cristina.caraballo.colon@usdoj.gov

Brad Bevington
66045-509
FCI-Milan, PO Box 1000
Milan, MI 48160